■     In the Matter of JOSEPH F. BELLAMENTE, Appellant, v. ROY M. KERN et al., Constituting the Board of Zoning Appeals of the Town of Smithtown, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination, made September 25, 1973, denying petitioner's application for a variance, petitioner appeals (by permission of this court) from a judgment of the Supreme Court, Suffolk County, entered April 29, 1974, which dismissed the petition, confirmed the determination and provided that petitioner is not precluded from again seeking the same relief upon a proper showing. Judgment reversed, on the law, without costs, and proceeding remanded to the respondent Board of Zoning Appeals, with a direction that a special exception permit be issued to petitioner upon such conditions as the board may deem reasonable. Petitioner's property fronts on North Country Road in St. James, Town of Smithtown. It extends inward approximately 242 feet on one side and 273 on the other and lies within a CB (central business) zone to a depth of 200 feet; the remainder is within an R-10 S residential zone. In those instances in which a lot lies across district boundary lines, section 54–14 (subd. E [3] [a]) of the town's building zone ordinance empowers the town's board of appeals to grant a permit for the extension into the more restrictive district of a lawful use permitted in the less restrictive district, but for a distance not exceeding 50 feet. Although subdivision E of section 54–14 deals generally with variances, as Special Term correctly noted, a split lot ordinance authorizes a special exception (see *Matter of Kessel* v. *Michaelis*, 15 Misc 2d 755, affd. 4 A D 2d 884, app. dsmd. 4 N Y 2d 803). In

denying the application, the board of appeals applied standards properly used in judging an application for a variance. This was improper and requires a reversal. In *Matter of North Shore Steak House* v. *Board of Appeals of Inc. Vil. of Thomaston* (30 N Y 2d 238), a case similar to the one at bar, the court stated (p. 243) : " The denial of the special exception permit, based on factual findings used to support denial of the variance, ignores the fundamental difference between a variance and a special exception permit. A \* \* \* special exception allows the property owner to put his property to a use expressly permitted by the ordinance. The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood". Accordingly, the permit should have been granted. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.