41 N.Y.2d 1028 (1977)
In the Matter of Pleasant Valley Home Construction, Ltd., Respondent,
v.
Alson Van Wagner et al., Constituting the Zoning Board of Appeals of the Town of Pleasant Valley, Appellants.
Court of Appeals of the State of New York.
Argued March 22, 1977.
Decided April 28, 1977.
Nathaniel Rubin for appellants.
James V. Brands for respondent.
Chief Judge BREITEL and Judges JASEN, GABRIELLI, JONES, WACHTLER, FUCHSBERG and COOKE concur in memorandum.
*1029 MEMORANDUM.
Order affirmed, with costs.
Petitioner, would-be developer of a mobile home complex, who appeals by leave of the Appellate Division, seeks only a special use permit, not a variance. A showing of hardship is, therefore, unnecessary (see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 N.Y.2d 238, 243-244). Petitioner has established that under the town zoning ordinance, mobile home development is a contemplated and permitted use. This ordinance, of course, does not automatically entitle petitioner to a special permit, but it does estop the zoning board from denying the petition solely on the basis that more mobile homes in the area would be undesirable. The determination that a mobile home complex is an acceptable use for the land has already been made, legislatively, in the zoning ordinance (see id.; cf. Matter of Small v Moss, 279 N.Y. 288, esp 299).
It is true that the ordinance does not deprive the zoning board of discretion to evaluate each application for a special permit. The zoning board has discretion to find, with proper support, that a particular development does not meet the criteria of the special use provisions of the zoning ordinance. A different record, one showing that a particular mobile home project is not desirable under the legislated criteria, or that it is not desirable at a particular place, would require that the administrative determination be upheld (see Matter of Lemir Realty Corp. v Larkin 11 N.Y.2d 20, 25). On the entire record in this case, however, it is evident, despite the reasons assigned by the Board of Appeals, that petitioner's application was denied not because of any objection peculiar to the proposed development, but because of community pressure directed against allowing any additional mobile home development in the area zoned for mobile homes. The denial was, therefore, impermissible, and must be annulled.
As noted in the detailed opinion by Mr. Justice W. VINCENT GRADY at Special Term, the board retains the power to impose such authentically reasonable conditions to granting the permit as will minimize any undesirable effects the new development might have on the surrounding community (see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 N.Y.2d 238, 246, supra).
Order affirmed.