■ In the Matter of EUGENE W. OUDERKIRK, Respondent, v BOARD OF APPEALS OF THE TOWN OF BETHLEHEM, Appellant.—Appeal from a judgment of the Supreme Court at Special Term entered November 10, 1976 in Albany County, which granted petitioner's application in a proceeding pursuant to CPLR article 78 to annul a determination of respondent board of appeals denying petitioner's application for a special exception under the Zoning Ordinance of the Town of Bethlehem. This article 78 proceeding was commenced to review repondent's denial of petitioner's application for a special exception to convert his two-family residence to a three-family residence. The property was located in a Residence (A) area where single family dwellings and two-family dwellings are permitted as of right. Upon the issuance of a special exception by the board of appeals the ordinance also permits apartment buildings of not more than four families provided the exterior conforms to the neighboring buildings. Special Term annulled respondent's denial and directed issuance of the special permit. This appeal ensued. Respondent, in denying the special exception, concluded it would not be in harmony with the appropriate and orderly development of the district and would be detrimental to it and adjoining districts. It further concluded that the public convenience would not be substantially served and that the appropriate use of neighboring property would be substantially and permanently injured. It is significant that the intended use requested by petitioner is one permitted by the ordinance. The inclusion of such use in this ordinance is tantamount to a finding by the town board that it is in harmony with the general zoning plan and would not adversely affect the neighborhood *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Matter of Bellamente v Kern,* 46

AD2d 808). It is equally significant that petitioner is not seeking a variance but a special permit where his burden of proof is considerably less *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, supra).* The instant record reveals that no changes were to be made to the exterior of the building; that there would be ample parking space and that only two additional people were to be accommodated by the change. While the appeals board has discretion to evaluate each application for a special permit, any denial must find support in the record that the particular use considered fails to meet the legislative criteria established in the zoning ordinance *(Matter of Pleasant Valley Home Constr. v Board of Appeals of Town of Pleasant Valley,* 41 NY2d 1028). An examination of the entire record in light of the ordinance in question demonstrates a lack of evidence to support the board's resolution. Furthermore, the conclusory findings couched in the language of the ordinance do not justify respondent's determination. Special Term, therefore, properly annulled it and the judgment must be affirmed. Judgment affirmed, with costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.