■ In the Matter of CATHERINE P. MASON, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF CLIFTON PARK, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 13, 1978 in Saratoga County, which granted petitioner's application in a proceeding pursuant to CPLR article 78, for an order directing the issuance of a special permit. Petitioner obtained a building permit from the Town of Clifton Park in 1971 to construct an addition to her house. The addition, consisting of two bedrooms, a living room, kitchen and bathroom, had a separate entrance and was used as a residence by petitioner's son and his wife. Because two-family dwellings are a use permitted by special exception in the R-1 residential district in which her house was located, petitioner, now desirous of selling her home as a duplex, applied to the town zoning board of appeals in 1978 for a special use permit. The application was referred to the town planning board which recommended that the special permit be denied because (1) the neighborhood consisted of one-family residences, (2) a duplex is not allowed in an R-1 zone, and (3) denial of the permit would not cause an undue hardship. After a public hearing, the zoning board denied petition-

er's application due to the fact that (1) the area is zoned for single-family homes, (2) petitioner would reap a substantial financial benefit if allowed to sell the house as a duplex, and (3) the zoning board's vote against the permit was unanimous. Petitioner then instituted this article 78 proceeding for an order directing the zoning board to issue her a special permit. The zoning board appeals from a determination of Special Term granting the relief requested and awarding costs to petitioner. Proper standards were not applied in denying petitioner's application for a special use permit. The local zoning law provides the criteria to be utilized by the planning board, which is authorized to consider "among other things, the need for the proposed use in the proposed location, the existing character of the neighborhood in which the use would be located, and the safeguards provided to minimize possible detrimental effects of the proposed use on adjacent property." Contrary to the first reason given by the planning board for recommending denial of the special use permit, petitioner's application will not affect the character of the neighborhood since the physical structure of the house will not be altered and the only change contemplated is that the occupants of the two units will not have to be related. The planning board's second ground for denial is invalid since uses permitted by special exception are expressly allowed in an R-1 zone *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Matter of Knight v Bodkin,* 41 AD2d 413). In addition, a special permit, unlike a variance, does not require a showing of hardship *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). Moreover, the reasons submitted by the zoning board for denying petitioner's application are also inadequate. The first reason given has already been disposed of. The second reason advanced, that petitioner would reap a financial benefit, is not a criterion in the zoning ordinance for granting a special permit and thus not relevant to the zoning board's decision (see *Matter of Pleasant Val. Home Constr. v Van Wagner, supra; Matter of Knight v Bodkin, supra).* The final reason given by the zoning board is that its vote against the special permit was unanimous. This vote constitutes the *act* of rejection and not a *reason* for rejection. The finding of the zoning board is, therefore, not supported by any evidence and Special Term properly ordered the zoning board to issue the special permit (see *Matter of Ouderkirk v Board of Appeals of Town of Bethlehem,* 58 AD2d 667). Special Term was not, however, justified in awarding costs to the petitioner absent a finding that the zoning board acted with gross negligence, in bad faith, or with malice (Town Law, § 267, subd 8). Accordingly, the judgment of Special Term should be modified by striking the provision awarding costs to petitioner *(Matter of Franciscan Missionaries of Mary v Herdman,* 7 AD2d 993, affd 7 NY2d 829). Order modified, on the law and the facts, by striking therefrom the provision awarding costs to petitioner, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.