■ In the Matter of PENNY ARCADE, INC., Respondent, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant dated October 12, 1978, which denied petitioner's application for a special permit, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 20, 1979, which, *inter alia,* directed the issuance of the special permit subject to such reasonable conditions as the appellant might impose. Judgment reversed, on the law, with costs, determination denying petitioner's application reinstated and proceeding dismissed. Although a special exception or a special use provided for in a zoning ordinance is tantamount to a legislative finding that the specified use is in harmony with the general zoning plan and will not adversely affect the neighborhood *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238), a record which demonstrates that the use is not desirable under the legislated criteria or at a particular place required that the administrative determination be upheld *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). Here, the shopping center in which petitioner proposes to locate its "Penny Arcade" abuts two public schools, and the

appellant Town Board of the Town of Oyster Bay had before it the testimony of petitioner's expert that the use would attract school children. Indeed, in one instance which he investigated, this expert found such a use to "be obnoxious". Since the town board thus was entitled to find as it did that children would be drawn to the establishment during school hours and that the use was undesirable at the location in issue, Special Term should not have substituted its judgment and annulled the determination. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.