■ In the Matter of D & G ENTERTAINMENT, INC., Appellant, v HENRY W. ROSE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents, and ANN PICCOLO et al., Intervening Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of zoning appeals denying petitioner's application, *inter alia,*

for a special exception permit, petitioner appeals from a judgment of the Supreme Court, Nassau County (Niehoff, J.), entered July 17, 1981, which dismissed the petition. Judgment affirmed, with costs. Petitioner applied for and was granted a special exception permit for the establishment of a game room in Franklin Square, Town of Hempstead. The principal games were to be coin operated pinball machines and electronic devices. In an article 78 proceeding that followed, the determination to grant the permit was annulled and the matter remanded to respondent Board of Zoning Appeals of the Town of Hempstead, on the ground that it had failed to state the findings which established that the special exception was in compliance with the standards of the ordinance (*Truncale v Board of Zoning Appeals,* Supreme Ct, Nassau County, Jan. 6, 1981, Roncallo, J.). Upon the remand, the board conducted a further hearing and determined that the application should be denied because the proposed use did not meet requisite standards. Petitioner thereupon commenced the present proceeding, alleging that the determination was arbitrary, capricious, unsupported by substantial evidence and bottomed on the pressure of the numerous objectors who spoke against the application. No objectors had been present at the first hearing. Special Term confirmed the determination as not being without a rational basis. The board had found that the proposed use of the subject premises would not conform to the standards prescribed by the zoning ordinance because the premises were so near to houses of worship and a school. Petitioner now contends that, inasmuch as the special exception use had been approved only 10 months earlier, the present determination constitutes an unlawful concession to community pressure. It also contends this is made clear by the board's statement that it had previously been unaware of the proximity of a parochial school to the premises, even though the minutes of the first hearing reveal that the location of the school was on the record. Although it is true that at the first hearing the board was told that the parochial school was about two and a half blocks away, it was not told that the distance was actually shorter, because the children could "short-cut" through the parking fields and, more importantly, that "young people found the Game Room easily accessible without benefit of their parents' accompaniment". Thus, it is clear that when the board referred to its lack of knowledge of the location of the school, what it meant was that it was unaware of the impact of the proposed game room upon the school children, not merely the school's physical location. Petitioner's reliance upon the initial unlawful determination to establish its right to a permit is misplaced, and its citation of *De Sena v Gulde* (24 AD2d 165) is inapposite. In *De Sena,* the first determination of the trustees was lawful and in accordance with the master plan. It was the second determination, which reversed the first, that followed no statutory grant. Precisely the opposite situation pertains in the present case. The board is not bound by a determination that was overturned in court as being unlawful. Finally, there is no merit to petitioner's claim that *Matter of Penny Arcade v Town Bd. of Town of Oyster Bay* (75 AD2d 620) is inapposite because of different distances between proposed game areas and schools in the two cases. The circumstances are, in fact, very similar. The precise distance is not significant; the impact of the proposed use is. In *Penny Arcade* the town board found that (p 621) "children would be drawn to the establishment during school hours and that the use was undesirable at the location in issue". Just such findings were made in the present case, based on the witnesses that were heard. Accordingly, we affirm and observe, as we did in *Penny Arcade,* that (p 620) "[a]lthough a special exception or a special use provided for in a zoning ordinance is tantamount to a legislative finding that the specified use is in harmony with the general zoning plan and will not adversely affect the

neighborhood (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238), a record which demonstrates that the use is not desirable under the legislated criteria or at a particular place required that the administrative determination be upheld (*Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028)." Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.