■ THOMAS F. GREEN et al., Appellants, v MICHAEL LO GRANDE et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Islip denying petitioners' application for a special use permit to operate a bar and grill, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered October 7, 1981, which denied the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and matter remitted to the respondents for the purpose of issuing the permit in accordance herewith, upon such reasonable conditions as they may deem appropriate. The petitioners are the owners of property located in a Business I use district in the Town of Islip. In May, 1980, they applied for a special use permit to allow their lessees to operate a bar and grill, a conditionally permitted use, on the premises. Following consideration of the application by the town planning board, a public hearing was held on September 18, 1980

before the Town Board of the Town of Islip at which a vote was taken denying the application. Thereafter, petitioners were informed that by resolution dated September 18, 1980 their application for a special use permit had been denied for the following reasons: "1. The use is characterized by late hour patronage and parking. 2. Town policy has consistently granted permits for such uses only in larger shopping centers or at locations otherwise buffered from residences. 3. The proposed use, because of the additional parking required beyond the normal requirement for a permitted use in a business district, represents a significant intrusion on residences beyond that of a permitted use. 4. The proposed location has a high degree of traffic congestion and an accident ratio 40 percent above the critical level, according to the New York State Department of Transportation. 5. Numerous locations exist in the vicinity better suited to such an intensive use." Petitioners challenged this determination in a proceeding pursuant to CPLR article 78. Special Term (Bracken, J.), annulled the determination and remitted the matter to the town board for a new hearing on the ground that there was no indication that the findings set forth in the resolution were ever adopted by any of the members of the town board. Pursuant to Special Term's direction, the town board held a new public hearing on April 23, 1981, following which the application was denied for the same reasons as were stated in the prior resolution. Petitioners then commenced the instant proceeding to review the new determination. Special Term denied the petition, finding that the town board's determination was supported by substantial evidence. We reverse. Review of an application for a special use permit must begin with the recognition that "[t]he inclusion of the permitted use in the [zoning] ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243). The burden on the applicant, unlike the heavy burden on one seeking to obtain a variance, is a light one, requiring only that he show that the use is one contemplated by the zoning ordinance subject, of course, to any conditions that may be deemed necessary to minimize the impact of the use on the surrounding area (*Matter of Carrol's Dev. Corp. v Gibson*, 73 AD2d 1050, affd 53 NY2d 813; see, also, *Matter of Biener v Incorporated Vil. of Thomaston*, 85 AD2d 730). The administrative authority, be it a town board or a zoning board of appeals, is required to grant a special use permit unless reasonable grounds exist for its denial, e.g., that the use, although permitted, is not desirable at a particular location (*Matter of Carrol's Dev. Corp. v Gibson, supra;* see, also, *Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028; *Matter of D & G Entertainment v Rose*, 86 AD2d 608). Denial of a special use permit may not be based upon general objections to the special use or conclusory findings that the proposed use itself is undesirable (*Matter of Pleasant Val. Home Constr. v Van Wagner, supra; Matter of Scott v Zoning Bd. of Appeals of Town of Salina*, 88 AD2d 767). The record herein does not reveal the existence of reasonable grounds supported by substantial evidence for denying the permit. The first reason set forth in the town board's resolution, that the use is characterized by late hour patronage and parking, amounts to an objection to the nature of the use itself. A restaurant and bar is a permitted use and since such a business by its very nature is characterized by late hour patronage and parking, this reason for denying the permit is meritless. It is tantamount to finding that a bar is an undesirable use, which conclusion runs contrary to the zoning plan permitting such a use (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, *supra*). Nor does the record support the conclusion that the use is not sufficiently buffered from residential locations. In fact, the record reveals that the area is predominantly a business one, with only one

private residence within 200 feet of the proposed bar and grill. Likewise, as to the third and fourth conclusions, the record indicates that the premises has more than adequate parking facilities and further, since a significant proportion of the business traffic of the premises will more than likely occur in the evening, it will place less of a strain on the local traffic than would another use. Moreover, the traffic survey relied upon by the town board was out of date and the testimony submitted regarding more recent accidents at the adjoining intersection was not specific as to whether those accidents occurred during the day or night. On this record, therefore, it cannot be said that there was substantial evidence to support the finding that the use would adversely affect traffic congestion in the area. Finally, there was no evidence in the record establishing the existence of numerous locations in the vicinity better suited to such use. Accordingly, we find that the town board's determination denying petitioners' application for a special use permit was not supported by substantial evidence and, therefore, Special Term erred in denying the petition. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.