■ In the Matter of NEW YORK TENNIS ASSOCIATES et al. Respondents, v TOWN OF VESTAL et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Kepner, Jr., J.), entered February 3, 1983 in Broome County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct the Town Board of the Town of Vestal to issue petitioners a special use permit. Petitioners New York Tennis Associates and Broome Racquet Club, Inc., are the owner and lessee, respectively, of premises located in the Town of Vestal, Broome County. Petitioners agreed to sell these premises to Robintech, Inc., a local manufacturer, contingent on securing favorable zoning and occupancy approvals from respondent Town of Vestal. The parcel lies within a C-2 zoning area, a commercial business district. To the west of the parcel is a residential area and to the east is an area of mixed commercial and industrial usage. The town's zoning law requires a special use permit for industrial usage. Robintech applied to the town board for the special use permit for its proposed industrial use of the premises for a cable and harness electronic business. The town board referred the matter to the Broome County Department of Planning for its recommendation, which found that the proposal did not involve any compelling State or county interest and indicated that the town could proceed without prejudice. The town board, after a public hearing on the matter, declined to issue the permit. The hearing disclosed that Robintech proposed to increase the present 60-car capacity parking area to 170-car capacity. The building would remain virtually the same except for new floor enforcement and an outside loading dock and truck waiting area. Traffic would include the movement of 250 employees to and from the premises in two shifts, running from 7:00 A.M. to 3:30 P.M. and from 4:00 P.M. to 12:30 A.M., United Parcel deliveries and pickups in the morning and late afternoon, and three to four tractor trailer deliveries a day. It was disclosed that a chemical solvent would be used in the business which requires venting into the atmosphere and disposal of the residue. The residue would be hauled away to Buffalo. The community residents voiced concern over the proposed use, citing traffic increase, enlarged car parking and truck waiting area, use of a solvent, noise increase and property devaluation. The town board gave several reasons for denial of the permit which included community opposition, use of a hazardous chemical, increased car and truck traffic, increased noise, inconsistency with the existing character of the neighborhood and the town's master plan, and inadequate on-site parking. Special Term, in reviewing the town board's decision, held that there was absence of support in the record for the conclusion advanced by the board and directed the issuance

of a special use permit. It ruled that there was a lack of support in the record for the concern over hazardous chemicals, noise, inadequate parking and change in the present character of the neighborhood. It held that neighborhood opposition was an insufficient reason for denial. In reviewing the town board's discretionary power as to a special exception, the courts restrict themselves to whether there has been illegality, arbitrariness or an abuse of discretion (*Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20). Where a determination has a rational basis, it may not be overturned under this test (*Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Green Point Sav. Bank v Board of Zoning Appeals,* 281 NY 534, app dsmd 309 US 633). We concur with Special Term's holding as to the inadequacy of the articulated reasons for denial of the permit. The record is entirely void of any proof of inadequacy of on-site parking. To the contrary, the testimony indicated that there would be an increase of parking space from 60 to 170 cars, enough to accommodate Robintech's employees. As to depreciation of property, the record failed to support such a concern, outside of random speculative comments from property owners. The hearing disclosed that the proposed use would result in increased traffic activity during shift changes and during the plant's business hours. However, other permitted uses obviously generated as much or more traffic or noise so that the traffic issue does not support a denial of the permit. Also, we concur with Special Term's finding that the proposed use is not inconsistent with the character of the neighborhood and the town's master plan. With the exception of the area immediately west of petitioner's parcel, the area is zoned commercial and light industrial. A denial of the permit cannot be grounded on the master plan thesis. Finally, the town board's denial was also tied to the use of an allegedly hazardous chemical solvent in the soldering process which would be vented from the plant. The board concluded that the chemical is hazardous. Petitioners have not denied this allegation; they simply assert that there is no proof in the record that it is classifiable as hazardous or is injurious to health. The venting of a chemical into an area occupied by private residences is a legitimate health concern of the town board. The nature of the chemical and its adverse effects on humans is certainly ascertainable. The burden of proving that this substance is not detrimental to health and public welfare is on the applicant. With this in mind, we take judicial notice that, on February 9, 1983, the Town of Vestal adopted the Aquifer Zoning Law, a law that defines and regulates hazardous substances. Robintech would have to comply with it (see *Matter of Demisay, Inc. v Petito,* 31 NY2d 896). We deem it appropriate that the permit be reconsidered in light of this legislation. Judgment modified, on the law and the facts, without costs, by reversing so much thereof as ordered the Vestal Town Board to issue petitioners a special use permit, matter remitted to the town board for reconsideration of the application for a special use permit in light of the Aquifer Zoning Law, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.