In the Matter of JOSEPH SULLIVAN et al., Appellants, v
TOWN BOARD OF THE TOWN OF RIVERHEAD, Respondent.

Second Department, June 4, 1984

**APPEARANCES OF COUNSEL**

*Joel M. Markowitz* for appellants.
*Behringer, Hurley & Danowski* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Petitioners are the owners of a mobile home park located
in Wading River, New York, which is within the confines
of the Town of Riverhead in Suffolk County. The premises
were first permanently licensed by the respondent Town
Board of the Town of Riverhead in December of 1978, at
which time 21 units were apparently authorized. In July of
1981, the petitioners applied for a specific use permit to
authorize the placement of additional units upon their
premises and, in support of their application, submitted
two alternate proposals, designated "Scheme 1" and
"Scheme 2". Scheme 1, as originally constituted, called for
the addition of six new mobile home units to the park,
while Scheme 2 called for the addition of four such units. In

addition, an area variance was requested in connection with the implementation of Scheme 2, since certain of the proposed new units under that plan would not have had the required setback from one of the adjoining property lines.

On May 19, 1982, the Town Board of the Town of Riverhead denied petitioners' application, but, in an ensuing CPLR article 78 proceeding, that determination was vacated and the matter was remitted to the Town Board "for the purpose of making proper findings of fact and delineating those findings which provide the basis for its determination and to conduct any further proceedings, including referral to the Planning Board, necessary to comply with this decision." Further proceedings, including a referral back to the Planning Board, were thereafter conducted, and on January 4, 1983, the petitioners' application was again the subject of a public hearing before the Town Board. During the course of these proceedings, the petitioners, through their attorney, both orally and in writing, submitted two compromise proposals to the respondent Board, each of which had the effect of reducing by two the number of additional units requested in Schemes 1 and 2, and one of which had the further effect of eliminating the need for an area variance under Scheme 2. Thus, on January 4, 1983, there were a total of four alternative proposals pending before the Town Board.

Nevertheless, on April 5, 1983, the Town Board of the Town of Riverhead adopted a resolution denying the petitioners' application *in toto,* and promulgating in support thereof a number of findings which generally paralleled the provisions of section 108-3 (subd E, pars [3], [4]) of the Riverhead Town Code, dealing with the issuance of special permits. Petitioners thereupon commenced the within proceeding to vacate the determination of the respondent Board and to direct the issuance of a special use permit sanctioning the expansion of their mobile park, which proceeding was dismissed by Special Term on November 23, 1983. This appeal followed.

We reverse.

Although it is true that "[t]he inclusion of [a] permitted use in [a zoning] ordinance is tantamount to a legislative finding that the permitted use is in harmony with the

general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243; *see Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028), it does not necessarily follow that requests for special permits must always be granted, subject only to the imposition of reasonable conditions. As the Court of Appeals stated in *Matter of Tandem Holding Corp. v Board of Zoning Appeals* (43 NY2d 801, 802): "Entitlement to a special exception is not a matter of right * * * The stated standards in the ordinance guiding the board's consideration of special exception applications condition availability of a special exception, and compliance with those standards *must* be shown before any exception can be secured" (emphasis supplied; see, also, *Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892). Accordingly, where, as here, the applicable zoning ordinance specifically provides that it shall be unlawful to operate a mobile home park within the confines of the geographical subdivision without a permit issued in accordance with its provisions (Riverhead Town Code, § 79-6), and where another section of that same chapter further provides that in the event of any conflict, *inter alia,* between its provision and the balance of the zoning ordinance, "the provision or requirement which is the more restrictive or which establishes the higher standard shall prevail" (Riverhead Town Code, § 79-5), the petitioners cannot attempt to avoid scrutiny of their application under that portion of the ordinance which directly controls the issuance of special permits (here, chapter 108) by arguing, in effect, that they fully comply with the less stringent requirements of the chapter regulating, *inter alia,* the establishment of mobile home parks.

In thus establishing respondent's right to rely upon the criteria set forth in chapter 108 of its zoning regulations in passing upon the petitioners' application, we do not mean thereby to insulate the Board's determination from further inquiry, as the denial of a special permit may not be based upon general objections or conclusory findings without evidentiary support in the record (see *Green v Lo Grande,* 96 AD2d 524, 525; see, also, *Matter of Tandem Holding Corp. v Board of Zoning Appeals, supra,* p 802). Rather, the

Board may only act upon substantial evidence indicating, e.g., that the contemplated project is substantially deficient under the legislated criteria governing the issuance of a special use permit (see *Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Tandem Holding Corp. v Board of Zoning Appeals, supra; Matter of Pleasant Val. Home Constr. v Van Wagner, supra;* see, also, *Green v Lo Grande, supra*).

This is precisely the deficiency which we find in the instant case, for while neatly dovetailed into the regulatory scheme of subdivision E of section 108-3 of the Riverhead Town Code, the specific findings made by the respondent Board in support of its denial of the petitioners' application are not supported by substantial evidence appearing upon the record. Thus, for example, the Board's finding regarding the absence of sufficient on-premises parking is founded exclusively upon eyewitness testimony that there are often numerous vehicles parked along the side of a thoroughfare, Wading River-Manorville Road, which abuts petitioners' premises to the west, with no consideration of the actual number of on-premises parking spaces presently in existence or contemplated under any of the prospective development plans. In fact, for all that appears on the present record, parking along the shoulder of Wading River-Manorville Road may be perfectly legal, may persist despite an abundance of on-premises parking, and may be remedied, e.g., by conditioning the grant of a special permit upon the construction of appropriate screening to eliminate direct access to the bulk of the mobile home sites from the shoulder of the adjoining roadway. Similarly, the findings of overcrowding which the Board adopted from the proceedings before the Planning Board are unaccompanied by any showing that the placement of the units and/or their accessory structures are or would be in violation of any of the respondent's zoning regulations, while the further findings, e.g., of traffic congestion and an increased potential for vehicular accidents, are wholly unsupported by anything even remotely resembling objective and reliable evidence regarding the current traffic flow patterns and the density of traffic along Wading River-Manorville Road.

In short, most of the evidence before the Board focused upon the unsightly condition of the petitioners' premises, the alleged lack of proper maintenance, and the unfortunate tendency of some of their tenants to strew litter about the premises. However, none of these factors appear to relate in any substantial way to the legislatively prescribed criteria, and contribute greatly to the over-all impression that the application was denied, as in *Matter of Pleasant Val. Home Constr. v Van Wagner* (*supra*, p 1029) "because of community pressure" (see, also, *Matter of Lee Realty Co. v Village of Spring Val., supra*). Moreover, most of these problems appear to be remediable via proper enforcement of existing regulations (see Riverhead Town Code, §§ 79-14, 79-15). Lacking a substantial record basis, the instant determination cannot be sustained (see *Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, *supra*).

Proceeding next to the designation of an appropriate remedy, it is clear that while the petitioners are entitled to the issuance of a special use permit, it is for the Board rather than this court to decide along which of the various development paths the petitioners should be permitted to travel. In all, there were four alternatives pending before the Board at the time that the petitioners' application was denied, and it would not be appropriate, in our view, for this court to direct the enforcement of any specific proposal at this stage of the proceedings.

Accordingly, the matter is remitted to the Town Board of the Town of Riverhead with directions to grant the petitioners a special permit, subject to such reasonable conditions and safeguards, if any, as the respondent may deem advisable to impose (see *Matter of Lee Realty Co. v Village of Spring Val., supra*).

We pass upon no further issue.

MANGANO, J. P., GIBBONS, WEINSTEIN and NIEHOFF, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated November 23, 1983, reversed, on the law, without costs or disbursements, and petition granted to the extent of remitting the matter to the respondent Town Board of the Town of Riverhead with directions to issue a special permit

as provided in the opinion herewith, subject only to the specification of such reasonable conditions and safeguards, if any, as the respondent may deem advisable to impose.