■ In the Matter of DAN GERNATT GRAVEL PRODUCTS, INC., Petitioner, v TOWN OF COLLINS et al., Respondents. — Determination unanimously annulled without costs, and petitioner's request for a permit granted, subject to the conditions imposed by respondent's Planning Board at its meeting of April 26, 1982. Memorandum: Petitioner commenced this CPLR article 78 proceeding to annul respondent Town Board's decision to deny its application for a special use permit to mine gravel. This proceeding was subsequently transferred to the Appellate Division pursuant to CPLR 7804 (subd [g]).

A public hearing on petitioner's request for a special permit was originally held on March 8, 1982. At the hearing several area residents voiced their concerns over the possible danger to the town's water supply posed by petitioner's intended excavation. Other complaints regarding noise, dust and property devaluation were also raised. A geologist retained by petitioner stated at the hearing that he had conducted a study which showed that petitioner's operations would have no impact on the town's water supply. On March 19, 1982 the New York State Department of Environmental Conservation advised the Town

Board that, while petitioner's proposed operations would require compliance with the State Environmental Quality Review regulations, it would not object to a finding of no significant impact because it believed that petitioner had presented sufficient evidence that its operations would not affect the quality or quantity of the area groundwater. An impact statement was then prepared by petitioner and signed by the Town Supervisor, stating that, because of mitigation measures, there would be no significant environmental impact in this case.

On April 26, 1982 the Town of Collins Planning Board met and recommended that the special permit be granted, subject to 11 restrictions. Immediately following the Planning Board's meeting, the Town Board met to discuss the matter and, subsequently, voted 4 to 1 against granting the permit. No findings of fact or conclusions of law were issued along with the decision. Petitioner then commenced an article 78 proceeding to have the Town Board's decision set aside as arbitrary. Special Term granted the petition and directed the Town Board to reconsider petitioner's application and issue specific findings of fact and conclusions of law along with its subsequent decision. On December 6, 1982 the Town Board, without any further hearing on the matter, again voted 4 to 1 against permit approval. Lengthy findings of facts and conclusions of law were issued along with this decision. The principal findings of fact upon which the Town Board's decision was based were: (1) inconsistency with the town's master plan; (2) failure of the town engineer to review the hydrological study prepared by petitioner's expert; (3) traffic problems; (4) an objection by the Village of Gowanda; (5) the significant impact of the project on the neighbors; and (6) objections by local residents.

Initially, we note that Special Term erred in transferring this proceeding to the Appellate Division. An article 78 proceeding should, pursuant to CPLR 7803 (subd 4) and 7804 (subd [g]), only be transferred to the Appellate Division when a quasi-judicial hearing at which evidence is taken is held and the resulting determination is challenged as not being supported by substantial evidence (see *Matter of Colton v Berman,* 21 NY2d 322, 329). A public hearing, like the one held here, is for informational purposes only and is not the type of hearing contemplated by CPLR 7803 (subd 4) (see *Matter of Save the Pine Bush v Planning Bd.,* 83 AD2d 741). Since the requisite quasi-judicial hearing was not held in this matter, it was improper for Special Term to transfer this proceeding to our court. Even though this proceeding was improperly transferred to our court, we should, nonetheless, determine all the issues presented (*Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180; *Matter*

*of United States Tube & Foundry Co. v Feinberg,* 7 AD2d 591, 595-596).

The second question presented is whether the Town Board's denial of petitioner's permit application was reasonable. The inclusion in a zoning ordinance of a use permitted by special permit is tantamount to a legislative finding that the use is in harmony with the general zoning plan and that it will not adversely affect the area (*Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243-244; *Matter of Scott v Zoning Bd. of Appeals,* 88 AD2d 767). Consequently, the issuing body is required to grant a special use permit unless "reasonable grounds exist for its denial" (*Green v Lo Grande,* 96 AD2d 524, 525, app dsmd 61 NY2d 758).

A review of the reasons detailed by the Town Board for rejecting petitioner's permit reveals that denial of the permit was unreasonable. The town's master plan was neither put into evidence nor even alluded to at the public hearing. Additionally, the fact that the town's engineer did not review petitioner's study is not attributable to petitioner and should not serve as a basis for denying the permit. Further, no evidence was presented concerning any adverse impact the permit would have on local traffic, the Village of Gowanda's objection was never presented at the hearing, and the only evidence concerning impact on the neighborhood was presented by petitioner. Finally, community pressure is an improper ground upon which to base the denial of a special permit (*Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 893; *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Cook, J.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.