In the Matter of HOWARD BANNER, Respondent, v MAR-

---

* The State did the actual repaving while the county hauled the necessary material.

GARET B. MOORE et al., Constituting the Town Board of the Town of Niskayuna, Appellants.—Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered January 2, 1985 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Niskayuna Town Board denying petitioner's request for a special use permit.

Petitioner is the owner of a building located on Balltown Road in the Town of Niskayuna, Schenectady County. He used such premises as his residence and as an office for his dental practice until, after he moved his residence from the building, he sought to rent the second-floor residence to a third party while still maintaining his professional office on the building's first floor. Because the maintenance of his office in the building would no longer qualify as a home occupation use, petitioner needed to obtain from the Town both an area variance and a special use permit. He ultimately obtained the area variance and then applied for the special use permit.

Rendering an advisory opinion to the Town Board, the Town's Planning Board recommended that petitioner's application for a special use permit be approved. The Town Board, however, denied the application, citing as reasons therefor traffic and safety concerns and the fear that the general character of the neighborhood would be adversely affected. Special Term annulled the Town Board's determination, and this appeal ensued.

Generally, whether to grant or deny a special use permit "is left to the 'untrammeled, but of course not capricious discretion' of the [Town] Board" (Cummings v Town Bd., 62 NY2d 833, 835, quoting Matter of Larkin Co. v Schwab, 242 NY 330, 335). The Town Board's determination should not be disturbed by the courts unless "it is clear that the Board has acted 'solely upon grounds which as a matter of law may not control the discretion' of the Board" (supra).

We first reject, as did Special Term, the Town Board's conclusion that granting petitioner's application would adversely affect the general character of the neighborhood. Petitioner's building is located in an R-2 district, in which professional offices are permitted if a special use permit is obtained. The very fact that the intended use requested by petitioner is one permitted by the Town's zoning ordinance belies any contention by the Town Board that allowing petitioner to maintain his building as professional offices would

adversely affect the neighborhood *(see, Matter of Ourderkirk v Board of Appeals,* 58 AD2d 667).

We are left, then, with only the Town Board's concerns regarding traffic and safety. As noted by Special Term, a denial of petitioner's application on the basis of potential traffic problems, if supported by the record, certainly would have been within the Town Board's discretion *(see, Stevens v Town of Huntington,* 20 NY2d 352, 356). Having reviewed the record, we are unable to conclude, as was Special Term, that there is any support therein for the Town Board's concerns over traffic problems at the site. Accordingly, Special Term committed no error in annulling the Town Board's determination and granting the petition.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.