■ In the Matter of OLD COURT INTERNATIONAL, INC., Appellant, v THOMAS S. GULOTTA, as Presiding Supervisor of the Town of Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Hempstead, dated December 4, 1984, which denied the petitioner's application for a special exception, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered May 17, 1985, which, *inter alia,* dismissed the proceeding on the merits.

Judgment reversed, on the law and the facts, without costs or disbursements, petition granted, determination annulled, and matter remitted to the respondents for the purpose of issuing the special exception.

The petitioner was the contract vendee of a parcel of land situated on Merrick Road in Seaford, in the Town of Hempstead. By petition dated June 8, 1984, the petitioner applied to the Town Board of the Town of Hempstead (hereinafter the town board) for a special exception pursuant to Building Zone Ordinance of the Town of Hempstead § 196 (N) to allow the premises to be used as a "Jiffy Lube" franchise. After a public hearing on the matter was held in September 1984, the town board adopted a resolution on December 4, 1984, denying the application for the special exception. The petitioner then brought the instant CPLR article 78 proceeding, and Special Term dismissed the proceeding on the merits, finding that the town board's denial had a rational basis and was supported by substantial evidence. We disagree.

The town board based the denial of the application on its findings that the proposed use would increase traffic flow, creating an increased hazard to children in the area; that the proposed underground storage of petroleum products would create a threat of pollution; that there was substantial opposition from local residents to the proposed use; that the proposed hours and days of operation would disturb the "comfort and repose" of the local residents; and that another automobile repair shop operation in the area "would make the situation unbearable".

Unlike a variance, a special exception does not entail a use of the property forbidden by the zoning ordinance but, instead, constitutes a recognition of a use which the ordinance permits under stated conditions (see, *Matter of North Shore Steak House v Board of Appeals*, 30 NY2d 238, 243), and the "burden of proof on an applicant for a special exception permit is much lighter than that required for a hardship variance" (*Matter of North Shore Steak House v Board of Appeals, supra,* at p 244).

While the standard of judicial review for the denial of a special exception is to ascertain whether there has been illegality, arbitrariness or an abuse of discretion, the power of a municipal legislative body to grant or withhold a special exception is not unlimited. Such a determination must have a rational basis, and the findings must be supported by substantial evidence (see, *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20).

In this case, the material findings of the town board are not supported by substantial evidence. Aside from a speculative comment made at the public hearing by an attorney who foresaw the possibility of pollution from the underground storage of petroleum products, there is nothing in the record to support the finding that there was a threat of pollution from the proposed use. This type of proof does not meet the substantial evidence standard (see, *Matter of New York Tennis Assoc. v Town of Vestal,* 97 AD2d 899). Additionally, the finding that the proposed days and hours of operation would disturb the comfort and repose of the local residents is not supported by the record. Nothing in the record indicates that the operation of the Jiffy Lube franchise would produce any disturbing noise, vibrations or fumes. On the contrary, the petitioner has agreed to protective conditions limiting its hours of operation, to service all vehicles within the building, and to shield all exterior lighting.

With regard to the alleged increased volume of traffic, the Court of Appeals has recently stated that the denial of a special exception "on the basis of traffic congestion may well be arbitrary absent evidence that the proposed special permit use would have a greater impact on traffic than would other uses unconditionally permitted" *(Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894; *accord, RPM Motors v Gulotta,* 88 AD2d 658). Here, while there was proof that some increased traffic congestion would result from the proposed use since the premises are presently vacant, there is nothing in the record to indicate that the proposed use would have any greater impact than would other permitted uses. Thus, the alleged increase in traffic volume is an improper ground for the denial of the special exception.

In finding that the addition of another automobile service station to the area would be "unbearable", the town board appears to have concluded that the proposed use does not fit into the comprehensive plan for community development, or the master or general zoning plan for the area. Where, as here, no such plan was introduced into evidence or alluded to at the public hearing, the denial of a special use permit (or a special exception) on the ground that the proposed use is not in harmony with the community plan is improper *(see, Matter of Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057). Moreover, a basic rule of law with respect to an application for a special exception is that the classification of a particular use as a permitted use in a particular district, subject to the granting of a special exception, constitutes a legislative finding that the use is in harmony with the general zoning plan, and will not adversely affect the neighborhood *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, *supra; Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of Gernatt Gravel Prods. v Town of Collins, supra).* We note that in *RPM Motors v Gulotta* (88 AD2d 658, *supra),* this court affirmed a judgment which annulled the denial by a town board of a special exception application for a motor vehicle repair and body shop based upon substantially similar objections.

Finally, although there is substantial evidence in the record to support the town board's finding that a number of local residents were opposed to the use proposed by the petitioner, community pressure is an improper ground upon which to base the denial of a special exception *(see, Matter of Lee Realty Co. v Village of Spring Val., supra; Matter of Pleasant Val. Home Constr. v Van Wagner, supra; Matter of Gernatt*

*Gravel Prods. v Town of Collins,* 105 AD2d 1057, *supra).* On the present record, it appears that the "petitioner's application was denied not because of any objection peculiar to the proposed development, but because of community pressure" *(Matter of Pleasant Val. Home Constr. v Van Wagner, supra,* at p 1029). The denial of the special exception was, therefore, impermissible, and must be annulled. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.