■ In the Matter of SEBASTIAN LoGUIDICE, Petitioner, v DONALD P. BAUMAN, as Mayor of the Village of Great Neck, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the Village of Great Neck, dated February 14, 1988, which, after a hearing, denied the petitioner's application for a similar use permit.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well settled that a special exception or a special use provided for in a zoning ordinance is essentially a legislative finding that the special use is in harmony with the general zoning plan and will not adversely affect the neighborhood (see, Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238; Matter of Penny Arcade v Town Bd., 75 AD2d 620). When, however, the record demonstrates that the use is not desirable under the legislative criteria at a particular location, that administrative determination should be upheld (see, Matter of Penny Arcade v Town Bd., supra). In this case, the Board of Trustees of the Village of Great Neck properly denied a similar use permit for the petitioner's proposed "masonry showroom", which, he maintained, was similar to the permitted use of the premises for a retail floor coverings store. There is substantial evidence in the record that it was the petitioner's intention to conduct his masonry construction contracting business from the site, an activity, which, in addition to not being a permitted one, or one in keeping with the general character of the neighborhood, would have an adverse effect on the surrounding residential community due

to the presence of the petitioner's two dump trucks, sand, gravel and cement. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.