■ In the Matter of MASTER BILLIARD Co., INC., Respondent, v HENRY W. ROSE, as Chairman of the Board of Zoning Appeals of the Town of Hempstead, et al., Appellants. [599 NYS2d 68] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated June 18, 1991, which denied the petitioner a special exception to permit the use of certain premises as a billiard parlor, the appeal is from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated October 25, 1991, which annulled the determination and directed the appellants to issue the petitioner a special exception subject to the imposition of reasonable conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is a lessee of certain real property situated on Hempstead Turnpike, in Levittown, New York. The premises was zoned "Business" District and developed with a one-story concrete block building comprising approximately 9,000 square feet. The petitioner submitted a completed building permit application to the Town of Hempstead Department of Buildings (hereinafter Building Department) requesting approval to use the easterly 6,000-square-foot portion of the existing building as a billiard parlor. The Building Department rejected the application because the billiard parlor could not be maintained without prior approval of a special exception by the respondent Town of Hempstead Board of Zoning Appeals (hereinafter ZBA). Therefore, the petitioner applied to the ZBA for the special exception and a public hearing was held. The ZBA subsequently denied the petitioner's application for the special exception. Thereafter, the petitioner instituted the instant proceeding pursuant to CPLR article 78 to challenge the ZBA's determination. By judgment dated October 25, 1991, the Supreme Court reversed and annulled the ZBA's determination based on the lack of substantial evidence in the record.

Contrary to the assertion of the ZBA, the testimony of community residents that the Dunkin Donuts' parking lot to the west of the subject premises constitutes a "hang-out" for "kids" does not constitute substantial evidence that granting the special permit for the proposed billiard parlor would have a greater impact on the existing condition than would other uses unconditionally permitted (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of Old Ct. Intl. v Gulotta, 123 AD2d 634; RPM Motors v Gulotta, 88 AD2d 658). Moreover, there is no evidence in the record that the proposed billiard parlor would attract school children or in some way interfere with the school and the church, especially since the petitioner would not permit minors in the proposed billiard parlor until 3:00 P.M. on school days. Thus, contrary to the ZBA's contention, there is no evidence in the record to substantiate its claim that the proposed use would adversely affect the neighborhood (cf., Matter of Penny Arcade v Town Bd., 75 AD2d 620). Based on the record herein, the denial of the special exception was impermissible, and properly annulled. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.