■ In the Matter of RICHARD CAPRI, Respondent, v TOWN OF BABYLON et al., Appellants. [601 NYS2d 821] —In two proceedings pursuant to CPLR article 78 to review two determinations of the Zoning Board of Appeals of the Town of Babylon dated March 21, 1991, which denied the petitioner's applications for special exceptions to operate an Adult Entertainment Cabaret and a billiard parlor, respectively, on the same premises, the appeals are from (1) a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered November 18, 1991, which annulled the determination with respect to the Adult Entertainment Cabaret, and directed the appellants to issue the petitioner a special exception permit, and (2) a judgment of the same court, also dated November 18, 1991, which annulled the determination with respect to the billiard parlor, and directed the appellants to issue the petitioner a special exception permit.

Ordered that the judgments are modified, on the law, by adding to each judgment a provision that the special exception permit shall be subject to such reasonable conditions as the Zoning Board of Appeals of the Town of Babylon may find necessary; as so modified, the judgments are affirmed, without costs or disbursements.

We find that the petitioner submitted sufficient proof that the contemplated uses were in conformance with the statutory preconditions for issuance of special exception permits and the denial of the petitioner's applications was not supported by substantial evidence. Therefore, the determinations were properly annulled (see, Matter of Lee Realty Co. v Village of Spring Val., 61 NY2d 892; Matter of Old Ct. Intl. v Gulotta, 123 AD2d 634). However, the Zoning Board of Appeals is authorized by Babylon Town Code § 213.13 (c) to impose such reasonable conditions as it may find necessary. We modify the judgments accordingly. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.