■ In the Matter of LEISURE TIME BILLIARDS, INC., Respondent, v HENRY W. ROSE et al., Appellants. [607 NYS2d 312] —

Judgment, Supreme Court, Nassau County (Gabriel Kohn, J.), entered September 16, 1992, annulling respondent's determination denying the petitioner's application and remanding the matter to respondent for approval of petitioner's application with such reasonable conditions as respondent may deem appropriate, unanimously affirmed, without costs.

Respondent's determination denying petitioner a special exception license was not supported by substantial evidence since the record was devoid of evidence showing that the billiard parlor would have an undesirable effect on the surrounding community *(see, Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028).

The denial of the off-street parking permit was arbitrary and capricious because respondent did not establish that the proposed use would have a greater impact on traffic than would the other uses that are unconditionally permitted *(see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894). Moreover, the SEQRA statements found that the billiard parlor and waiver of off-street parking would not have an adverse impact on the environment *(see, RPM Motors v Gulotta,* 88 AD2d 658). Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.