■ SEAVIEW ASSOCIATION OF FIRE ISLAND, N. Y., INC., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN, Respondent, and STANLEY MICHAELSON et al., Appellants. (Proceeding No. 1.) STANLEY MICHAELSON et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN, Respondent, and SEAVIEW ASSOCIATION OF FIRE ISLAND, N. Y.,

INC., Respondent. (Proceeding No. 2.)—In consolidated proceedings pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals, dated July 2, 1975, which, *inter alia,* (1) granted an application for a special permit for the erection of tennis courts, subject to certain conditions and (2) denied an application for area variances, Stanley Michaelson and Martin Karris, intervenors in Proceeding No. 1 and petitioners in Proceeding No. 2, appeal from a judgment of the Supreme Court, Nassau County, entered January 20, 1976, which, *inter alia,* (1) sustained the grant of the special permit and (2) annulled so much of the determination as denied the application for variances of the front and side yard set-back requirements and fence height restrictions, and directed the board to issue the said variances subject to such restrictions as it deemed advisable. Permission for the taking of this appeal is hereby granted by Mr. Justice Damiani. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the zoning board of appeals for *de novo* consideration of the application for a special permit and for variances from front and side yard set-back and fence height requirements, and for the making of a new determination thereon. Under the circumstances, the application for a special permit should either have been denied, or granted with the variances requested (subject to the type of restrictions noted by Special Term with regard to canvas windbreakers and bicycle traffic). It was improper to permit additional tennis courts under conditions which effectively destroyed the baseball field. The board must decide whether the local conditions are such that the need for additional tennis courts outweighs the negative aspects, if any, of remission of the normal set-back and fence height requirements. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.