◼ In the Matter of AL SCHARF, Respondent, v ELLIOT THAUL et al.,

Constituting the Board of Appeals of the Village of East Hills, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hills, dated October 24, 1977, that denied petitioner's application for a variance for a tennis court that was constructed pursuant to a special exception permit previously granted by the board, the appeal is from a judgment of the Supreme Court, Nassau County (Gibbons, J.), entered May 17, 1978, which annulled the board's determination and remanded the matter to it "for a further hearing for consideration of proof on the issue of the practical difficulty and for a determination on the merits of petitioner's application." Permission for the taking of this appeal is hereby granted by Mr. Justice Suozzi (see *Matter of North Amer. Holding Corp. v Murdock,* 6 AD2d 596, 599-600, affd 6 NY2d 902; *Matter of Soros v Board of Appeals of Vil. of Southampton,* 24 AD2d 705). Judgment affirmed, without costs or disbursements. Appellants are correct in asserting that they had no power to vary the detailed conditions required by the subject ordinance for the grant of a special exception permit to construct and maintain a tennis court *upon an initial application therefor* (see *Matter of Schroeder v Kreuter,* 206 Misc 198, affd 284 App Div 972, affd 308 NY 993). Neither *Seaview Assn. of Fire Is., N. Y. v Zoning Bd. of Appeals of Town of Brookhaven* (53 AD2d 605), nor *Matter of Fina Homes v Beckel* (24 Misc 2d 823), is to the contrary. The present ordinance states requisite conditions for the special exception permit in a manner entirely different than the ordinance applicable in *Seaview.* The conditions in the instant case are described in great detail entirely within the special exception section itself. The ordinance in *Fina* entitled a certain class of title-holder to a special exception if the applicant met the conditions that limited the class. The conditions imposed by the special exception were not varied. Either an applicant met the limitations and was entitled to the exception, or he did not. If an applicant did not qualify or meet the status of the special exception applicant, *then* he had to seek consideration under a different section of the ordinance. Notwithstanding the absence of authority or power to vary the conditions imposed by the ordinance at the outset, once the untoward circumstance occurred, to wit, the builder placed the tennis court on the property line rather than 20 feet back from the line as required, the situation called for a different manner of review (see *Banos v Colborn,* 35 AD2d 281, affd 30 NY2d 502). Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.