■ In the Matter of CAPPADORO LAND DEVELOPMENT CORP., Respondent-Appellant, v STANLEY P. AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington denying petitioner's application for permission to use its property as a convalescent home, the parties cross-appeal from a judgment of the Supreme Court, Suffolk County, entered May 21, 1980, which annulled the determination and remanded the matter to the zoning board for a de novo hearing. Permission for the taking of the appeals is granted by Mr. Justice Lazer. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. In this article 78 proceeding, the owner of a five-acre parcel in Melville in the R-40 single family residence district of the Town of Huntington, seeks annulment of the action of the zoning board of appeals of the town (the board), which denied its application for a special use permit to utilize its property as a convalescent home. The parcel is improved with a building described by the owner as "all stone, fireproof" for which a certificate of occupancy for a single family dwelling has been issued. The structure, completed in 1978, contains 10,000 square feet of floor area, six bathrooms, two lavatories and an indoor swimming pool. Nevertheless, its only occupany since completion has been by Alba-Neck Half Way House which leased it from the petitioner as a "group shelter for males and females". At the zoning hearing, petitioner told the board that the property is used "to provide detoxification and adolescent residential services to drug abusers". At the time of the hearing, there were 29 males and 4 females in residence at the property, although the State has approved it for occupancy by 55 persons. The circumstances and the purpose of the construction of this most unusual one family dwelling was a subject of some controversy at the

board meeting. Petitioner's real estate expert testified that he had never seen a house "so functionally poor, so poorly laid out as this particular structure." Petitioner's application was made pursuant to section 198-68A (10) of the Code of the Town of Huntington which permits as a "special use" a "Sanitorium, nursing home or convalescent home, excluding institutions operated principally for the care of mental patients or persons addicted to drugs or alcohol" provided that the lot contains not less than five acres, not more than 25% of which is covered by buildings, and that it has frontage on a major street, a front and side yard of not less than 100 feet and a rear yard of not less than 75. Section 198-66 of the Huntington Code contains a series of other requirements applicable to all special uses with which the applicable requisite body—here the board—must find compliance. Among those requirements is one that the proposed use "Will not adversely affect the value of property, character of the neighborhood or the pattern of development." The board denied the application on the ground that the use was not a sanitorium, nursing home or convalescent home, which excluded care of persons addicted to drugs or alcohol, and on the further ground that the use would have an adverse effect on property values and development of the neighborhood. The undisputed fact that the parcel had a side yard of only 51 feet and the testimony of petitioner's expert that it did not front on a major street were not mentioned in the determination. Special Term annulled the board's determination and remanded the matter to it for a hearing *de novo* at which further evidence could be adduced as to the nature of the operation—i.e., whether the operation fell within the definition of those uses permitted as special uses under section 198-68A (10) of the Huntington Code. We conclude that reversal and reinstatement of the board's determination is required, although our reasoning differs from that of the board. What the Huntington Code describes as a special use is more commonly known as a special exception (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.01). A special exception can be issued solely upon fulfillment of the conditions mandated in the delegation of power contained in the zoning ordinance *(Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801; *Matter of Nassau Children's House v Board of Zoning Appeals of Inc. Vil. of Mineola,* 77 AD2d 898). Since the board had no power to waive or modify any of the conditions specified in the ordinance (see *Matter of Jewish Reconstructionist Synagogue of North Shore v Levitan,* 34 NY2d 827; *Matter of Scharf v Thaul,* 65 AD2d 819; *Matter of Schroeder v Kreuter,* 206 Misc 198, affd 284 App Div 972, affd 308 NY 993; see, also, *Matter of Texas Co. v Sinclair,* 279 App Div 803, affd 304 NY 817; *Matter of Plotinsky v Gardner,* 15 AD2d 563; *Matter of Board of Educ. v Wolf,* 10 AD2d 713), it could neither issue the requested permit nor alter the requirements of section 198-68 in the guise of an area variance. Therefore, petitioner's request for a side yard variance (made as the hearing commenced) could not have been honored even if the board believed it had merit. Since the petitioner's failure to meet the mandated standards of the zoning ordinance rendered the board powerless to grant the permit, its denial must be sustained. It is unnecessary, therefore, to reach the merits of what the parties principally argue—whether the use fits the definition in the ordinance and whether it would have an adverse effect on the neighborhood. Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.