■ In the Matter of RICHARD T. KNADLE, JR., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington dated May 3, 1984, which denied the petitioner's application for a special use permit, the petitioner appeals from a judgment of the Supreme Court,

Suffolk County (Campbell, J.), entered February 4, 1985, which dismissed the proceeding.

Judgment affirmed, with costs.

Contrary to the petitioner's contentions, we discern nothing improper in the respondent's construction of Code of Huntington § 198-68, nor in its application of that provision to the petitioner's 108-foot radio tower. The record reveals that the Board has previously construed and applied the subject provision to both amateur and commercial towers of similar size, and this consistency in interpretation and application must be upheld absent a showing that it is irrational or unreasonable *(see, Matter of Johnson v Joy,* 48 NY2d 689; *Matter of Albano v Kirby,* 36 NY2d 526; *Shoreham-Wading Riv. Cent. School Dist. v Town of Brookhaven,* 107 AD2d 219; *appeal dismissed* 65 NY2d 990). No such showing was made in this case.

Code of Huntington § 198-68 provides for the issuance of a special use permit under certain limited circumstances. "Entitlement to a special exception is not a matter of right" *(Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802), and an exception may only be secured upon a showing of compliance with those standards set forth in the zoning ordinance *(see, Matter of Roginski v Rose,* 97 AD2d 417, *affd* 63 NY2d 735; *Matter of Wen & Liz Realty Corp. v Board of Zoning Appeals,* 94 AD2d 182). In this case, the petitioner has clearly failed to comply with the condition that his tower be set back a sufficient distance from all property lines, and the respondent Board has no power to waive or modify this requirement or to alter this condition under the guise of a variance *(see, Matter of Cappadoro Land Dev. Corp. v Amelkin,* 78 AD2d 696, *appeal dismissed* 54 NY2d 833).

We have considered the petitioner's remaining contentions and find them to be without merit. Hence, Special Term properly sustained the determination of the respondent Board and dismissed the proceeding. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.