■ Betty Wisoff et al., Appellants, v Stanley P. Amelkin et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Huntington dated October 25, 1985, which, after a hearing, *inter alia,* denied the petitioners' application for a special exception, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 11, 1985, which dismissed the proceeding on the merits.

Judgment affirmed, with costs.

The petitioners intend to convert a parcel of property presently used for retail purposes into a gourmet Chinese restaurant. The property lies between Main Street on the south and Spring Street on the north in the Hamlet of Cold Spring Harbor in the Town of Huntington. The frontage along Main Street lies, to a depth of 150 feet, in an area zoned for general business use, while the remaining portion of the property lies in an area zoned for residential use. The petitioners requested a special exception for the purpose of constructing a commercial parking lot on the area of the premises zoned for residential use in order to accommodate the increased number of parking spaces required by the Huntington Code due to the intensification of the use resulting from the petitioners' proposal to convert the existing retail store into a restaurant. Due to the configuration of the premises fronting Main Street and the building already present on the lot, no access to the proposed parking lot is possible from Main Street. Consequently, the petitioners also requested that access to the proposed parking lot be provided through Spring Street. The petitioners applied for a special exception under Huntington Code § 198-110 (C) (1) and (3). The respondent Zoning Board of Appeals denied the application and, thereafter, the petitioners commenced the instant CPLR article 78 proceeding to review and set aside that determination.

Where a use district boundary line crosses a lot as in this case, Huntington Code § 198-110 (C) (3) (c) authorizes the respondent Zoning Board of Appeals to grant a special exception to permit the extension of the location of an accessary off-street parking or loading area into the whole lot provided, *inter alia,* that "[s]uch extention shall not exceed one-third

(⅓) the area, frontage or depth of the lot". It is not disputed on appeal that the proposed parking lot violates the condition. Since compliance with the ordinance standards must be shown before a special exception can be issued (see, Matter of Tandem Holding Corp. v Board of Zoning Appeals, 43 NY2d 801, 802; Matter of Roginski v Rose, 97 AD2d 417, affd 63 NY2d 735) and the Zoning Board of Appeals has no power to waive or modify any of the conditions specified in the ordinance (see, Matter of Jewish Reconstructionist Synagogue v Levitan, 34 NY2d 827; Matter of Cappadoro Land Dev. Corp. v Amelkin, 78 AD2d 696, appeal dismissed 54 NY2d 833), the petitioners were not entitled to a special exception pursuant to this provision of the Huntington Code.

Where a business district is 150 feet or less in depth, as here, Huntington Code § 198-110 (C) (1) authorizes the Zoning Board of Appeals to grant a special exception to permit a proposed business use to extend up to 100 feet in additional depth, provided the applicant shall specify the need for such depth extension, and the Zoning Board of Appeals shall find such extension is required for the reasonable use of the property. Before such a special exception can be granted, Huntington Code § 198-66 contains a series of other requirements, applicable to all special exceptions, with which the petitioners must also comply. Among these requirements is one that the proposed use "[w]ill not adversely affect the value of property, character of the neighborhood or the pattern of development". One of the grounds cited by the respondent Zoning Board of Appeals for denying the application was that the commercial parking use of the unimproved residentially zoned portion of the premises, with access to the parking lot through Spring Street, would adversely affect the character of the Spring Street residential neighborhood.

The testimony and exhibits submitted at the hearing before the respondent Zoning Board of Appeals disclose that Spring Street is currently, on both sides, a quiet tree-lined thoroughfare fronted only by residential structures, parallel to and substantially buffered from the Main Street commercial district. Although the petitioners' traffic expert testified at the hearing that there are five driveway curbcuts along the south curb of Spring Street which are used for business purposes for a few stores on Main Street, he acknowledged that virtually all the businesses in the neighborhood close by 5:30 P.M. and that no parking takes place in the area after that time. The expert determined, after a traffic study, that the restaurant would attract approximately 80 cars to the area each night

during the dinner hours between 6:00 P.M. and 9:00 P.M., and conservatively estimated that half of those vehicles would not be in the neighborhood for some other purpose. In view of the predominantly residential character of Spring Street and the additional traffic that would be attracted to the proposed restaurant after the ordinary business hours of the Main Street commercial district, there was a rational basis for and substantial evidence in the record to support the determination that the proposed commercial parking use of the residential portion of the petitioners' premises, with access via Spring Street, would adversely affect the character of the Spring Street neighborhood and, thus, did not comply with the standards in the ordinance that govern the granting of special exceptions *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309).

It is also noteworthy that Huntington Code § 198-47 would require that a minimum of 25 parking spaces would have to be constructed on the premises if the store was converted to a restaurant. The petitioners' expert conceded at the hearing that the only parking lot plan proposed by the petitioners which would comply with the 25-parking-space requirement would require a side-yard variance, because Huntington Code § 198-48 (D) provides that no parking area shall be located within five feet of a lot line, and the parking plan does not provide for a five-foot buffer strip on the westerly side of the lot line. Since the respondent Zoning Board of Appeals could not issue the requested special exception in the guise of an area variance *(see, Matter of Cappadoro Land Dev. Corp. v Amelkin, supra),* the denial of the application must be sustained. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.