■ In the Matter of CBS REALTY, INC., Respondent, v ANTHONY NOTO et al., Constituting the Town Board of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review two determinations of the Town Board of the Town of Babylon, both dated February 4, 1986, each of which denied the petitioner's application for a special permit to operate a bar/restaurant, the appeal is from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated June 25, 1986, which vacated the determinations and directed the Town Board to issue the special permits subject to conditions "necessary to maintain harmony with the surrounding community".

Ordered that the judgment is reversed, on the law, the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

An applicant for a special use permit must establish that the proposed use complies with the zoning ordinance *(see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802; *Wisoff v Amelkin,* 123 AD2d 623, 624). However, in this case, it is undisputed that the uses are not in compliance with the off-street parking requirements of the zoning code. Since the Town Board had relinquished its right to grant variances to the Zoning Board of Appeals it lacks the authority to waive or modify the conditions specified in the code *(see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 267; *Jaffe v Burns,* 64 AD2d 692). Consequently, the petitioner was not entitled to the special exceptions requested. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.