■ MULTI-STATE DEVELOPERS, INC., Appellant, v INCORPORATED VILLAGE OF GREAT NECK et al., Respondents.—In a hybrid action for a judgment declaring certain sections of the Village of Great Neck Code unconstitutional and a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Great Neck, dated March 5, 1987, which denied the appellant's application for a use variance, the appeal is from a judgment of the Supreme Court, Nassau County (Brucia, J.), dated September 25, 1987, which dismissed the proceeding and declared, in effect, that the zoning ordinance was not unconstitutional as applied to the appellant's property.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellant owns a parcel of land on Middle Neck Road in Great Neck, Nassau County. The land measures approximately 76.6 feet in frontage and is about 222 feet deep. The first 125 feet of land in from the road is zoned "Business A". The rest of the property lies within a zone denominated "Residence C", and has no street frontage. Although the property is improved by a house and garage which constitute a preexisting, nonconforming use, the appellant wishes to demolish the house and erect a two-story medical building and parking lot.

Under Village of Great Neck Code § 210-84 (D) (2), a medical building is considered a conditional permitted use of property zoned Business A, provided there is adequate parking *(see,* Village of Great Neck Code § 210-118 [A]). Pursuant to the

Village of Great Neck Code § 210-150 (E), the Board of Appeals may permit the use of a strip 25 feet in depth of the Residential C property, which borders the Business A zone in order to provide parking. However, the appellant was required to obtain a use variance in order to develop the remainder of property as a parking lot and thereby satisfy the conditions necessary to erect a medical building.

The respondent Board of Appeals of the Incorporated Village of Great Neck refused to grant the appellant a variance. The Supreme Court upheld the determination and this appeal ensued.

We find that since compliance with the zoning ordinance's parking standards was necessary before a conditional use permit could be issued and since the Board of Appeals was without power to waive or modify the conditions specified in the ordinance, the appellant was not entitled to a conditional use permit (see, Wisoff v Amelkin, 123 AD2d 623, 624). As a result, the Board of Appeals properly treated the entire application as a request for a use variance. Applying the standards governing the granting of a use variance, we find that the appellant failed to demonstrate (1) that the property could not yield a reasonable return if used only for a purpose permitted by the zoning ordinance, (2) that the petitioner's plight was due to unique circumstances, and (3) that the proposed use would not "alter the essential character of the locality" (see, Matter of Otto v Steinhilber, 282 NY 71, 76).

Additionally, we note that the Board of Appeals based its decision, in part, on environmental standards and regulations which were in effect at the time it arrived at its decision, and which did not require it to make specific findings. There is no merit to the appellant's contention that a regulation requiring the Board to make specific findings with respect to environmental data on the record, which became effective subsequent to its determination, should apply (cf., McKinney's Cons Laws of NY, Book 1, Statutes § 55).

Finally, we agree with the Supreme Court that the appellant failed to establish, within the context of its demand for declaratory relief, that the zoning ordinance is unconstitutional as applied to its property. Accordingly, the judgment appealed from is affirmed, in all respects. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.