■ In the Matter of DEBRA CALABRO et al., Respondents, v TOWN OF OYSTER BAY ZONING BOARD OF APPEALS et al., Appellants. [603 NYS2d 542] —In a proceeding pursuant to CPLR article 78 to review a determination dated June 21, 1990, denying the petitioner's application for a special exception permit, the Zoning Board of Appeals of the Town of Oyster

Bay appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered June 10, 1991, which annulled the determination and which remitted the matter to it with directions to grant a special exception permit.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners Debra Calabro and Denise Calabro own a house located at 74 Bobwhite Lane in Hicksville, New York. This property is located in what is designated as a residential "D" zone according to the Oyster Bay Town Code. The terms of this ordinance permit the petitioners to own and occupy a one-family house (see, Oyster Bay Town Code § 317 [a]).

The petitioners sought a "[v]ariance to maintain an existing, second kitchen, to operate a two-family dwelling, as a special use in a one-family residence district, with parking provided in tandem". In the determination under review, the application was denied.

In denying the petitioners' application, the appellants cited, inter alia, Oyster Bay Town Code § 331 (a) (2) and (b) (1). Oyster Bay Town Code § 331 (b) (1) states that "[n]o application seeking a special exception for a two-family dwelling shall be entertained unless * * * [t]he premises which is the subject of the application shall have had erected thereon a lawful single-family dwelling for three (3) consecutive years immediately prior to the filing of such application". Oyster Bay Town Code § 331 (a) (2) states that the "[m]inimum habitable area of dwelling shall not be less than two thousand (2,000) square feet".

The petitioners commenced the instant proceeding following the denial of their application. The Supreme Court granted the petition to the extent that it remitted the matter to the appellant with a "direction to grant the petitioners a special exception to maintain a two family dwelling". In its decision, the Supreme Court stated that, in its view, the appellants had acted arbitrarily in the absence of evidence as to how, if at all, its granting of the application would "negatively impact [on] the health and safety of the community" or "adversely detract from the present character of the neighborhood". This appeal followed. We reverse.

The appellants correctly concluded that the petitioners failed to show compliance with Oyster Bay Town Code § 331 (a) (2) and (b) (1). The evidence established that the subject property had not been improved with a lawful single-family

dwelling for at least three consecutive years prior to the application, and that the habitable dwelling area within the petitioners' house was less than 2,000 square feet. The petitioners' failure to meet these conditions was "a sufficient basis upon which the zoning authority [could] deny the [special exception] permit application" *(Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1001-1002, citing *Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802). It is also clear that the petitioners did not demonstrate entitlement to a variance, which would permit them to alter the use of the structure on their property from one constituting a single-family dwelling to one constituting a multiple or two-family dwelling *(see generally, Matter of Otto v Steinhilber,* 282 NY 71; *Matter of Platt v Murdock,* 24 Misc 2d 552, 557; 2 Anderson, New York Zoning Law and Practice § 23.05 [3d ed]).

Under these circumstances, the determination under review should have been confirmed *(see,* Town Law § 267 [7]). Accordingly, the judgment appealed from is reversed, the determination is confirmed, and the proceeding is dismissed on the merits. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.