■ TOWN OF BROOKHAVEN, Appellant, v BARTHOLOMEW SPA-DARO et al., Respondents. [612 NYS2d 175] —In an action for a permanent injunction prohibiting the defendants from maintaining an aircraft landing field on certain property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated February 3, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is denied; and it is further,

Ordered that, upon searching the record, partial summary judgment is granted to the plaintiff, to the extent of enjoining

the defendant from operating an airport, and the remainder of the plaintiff's complaint is severed; it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment enjoining the defendant from operating an airport, and for further proceedings with respect to the remainder of the complaint.

In December 1959 the defendants took title to three parcels of property, designated in the deed as Parcel I, Parcel II, and Parcel III. Parcel I is located just north of Montauk Highway, Parcel II is located just north of Parcel I, and Parcel III is not at issue in the present case. Together, Parcel I and Parcel II comprise approximately 30 acres.

At the time the defendants acquired title in 1959, Parcel I and Parcel II were zoned entirely in a "C" Residential district. In 1961, a small portion of Parcel I adjacent to Montauk Highway was reclassified as part of a "J-2" Business district. The much larger portion of the defendant's property remained part of a "C" Residential district. This larger part of the defendants' property was reclassified as "B" Residential in 1968 and as "A-1" Residential in 1988.

The defendants' property thus has essentially two parts. The larger component to the north is residential and has always been residential; the much smaller component to the south, which abuts Montauk Highway, is "J-2" Business and has been "J-2" Business since 1961. The defendants assert that their use of the southern portion of their property for the purposes of operating an aircraft repair service constitutes a valid nonconforming use within the boundaries of the "J-2" Business district and that their use of the northern portion of their property as a runway for aircraft is valid as an accessory use with respect to the principal use existing on the southern portion of their property. We disagree with both contentions.

The uses permitted within a "J-2" Business district originally included "[p]ublic garages and filling stations when authorized as a special exception by the Town Board * * * subject to [certain conditions]" (former Brookhaven Town Zoning Ordinance, art XI, § 1150 [3]). The Code also permitted "[o]ther uses which in the opinion of the Town Board are of the same general character as those listed as permitted uses" (former Brookhaven Town Zoning Ordinance, art XI, § 1150 [16]).

The defendants' principal argument is based on the fact that when they petitioned for a change of zoning from "C" Residential to "J-2" Business in 1960, they revealed that they

had purchased the property "for the purpose of building and operating a garage for the repair and sale of automobiles and aircraft and also a service station". The defendants argue that because they revealed their intent to operate an aircraft repair service station in their petition to change zoning from "C" Residential to "J-2" Business, the Town Board necessarily granted them permission to operate such a service station when it granted their petition. We see no merit to this argument.

In support of their application for a change of zoning, the defendants indicated their intent to use the property both in ways which were permitted and in ways which were prohibited in the "J-2" Business district. The Town Board's decision to grant the application for a change in zoning to a "J-2" Business district does not necessarily mean that the Town Board intended to authorize uses other than those which are permitted in such districts. It is not possible to infer from the mere fact that the Town Board may have been aware that the defendants intended to operate or were already operating an aircraft repair service at the time of the rezoning of the property to "J-2" Business in 1961, that the purpose of this 1961 rezoning was to authorize such a prohibited use to begin or to continue. There is, in other words, no proof that the Town Board ever found that the operation of an airplane repair service was of the same general character as the operation of an ordinary gas station.

We also note that, while a subsequent amendment to the Code allowed the maintenance of an "airpark" in the "J-2" Business district, such a use is allowed only by special permit if there is a minimum plot size of 50 acres and approval by the Planning Board. The defendants have not met any of these conditions. Thus, under both the original and the amended laws of the Town of Brookhaven, the defendants never complied with any requirements which would render their use of their property as an aircraft repair service station a legal use (cf., Incorporated Vil. of Old Westbury v Alljay Farms, 100 AD2d 574, modified on other grounds 64 NY2d 798; see also, Wisoff v Amelkin, 123 AD2d 623; Matter of Knadle v Zoning Bd. of Appeals, 121 AD2d 447; Matter of Cappadoro Land Dev. Corp. v Amelkin, 78 AD2d 696).

Even if the Code permitted the extreme southern part of the defendants' property to be used as an airplane repair service station, it is clear that the large northern part of the defendants' property, which is zoned residential, cannot be used as a runway. It may be assumed that a runway is an "accessory

use" with respect to a "principal use" consisting of an airplane repair service station. It may also be true that both the northern (residential) portion and the southern ("J-2" Business) portion of the defendants' property are encompassed within the same lot. However, the fact remains that a runway is not a use which is permitted, either as a principal use or as an accessory use located on the same lot in any of the various residential districts recognized by the Code. There is no rational interpretation of the unambiguous provisions of the Code which would permit the conclusion that a use which would otherwise be prohibited in a residential district may nevertheless be considered lawful on the theory that it is accessory to a principal use which is permitted in an adjoining business district. The boundary line which separates a residential district from a contiguous business district does not disappear merely because the property bisected by the line originally constituted a single plot (see, Matter of Rodrigues v Rosenthal, 112 AD2d 1000).

For the foregoing reasons, it is clear that the defendants have failed to demonstrate their entitlement to summary judgment based upon a valid pre-existing nonconforming use. We also find that the order appealed from may not be affirmed on any of the alternative grounds submitted by the defendants. The doctrine of equitable estoppel does not apply (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 282). We also reject the argument that the preemptive force of Federal regulations dealing with air traffic in general precludes the plaintiff from applying its zoning laws so as to prevent the construction of or continued use of an illegal airport (see, Blue Sky Entertainment v Town of Gardner, 711 F Supp 678, 683). Also, the prior decision of a local criminal court holding that the term "air park" as used in the Zoning Code is unconstitutionally vague is irrelevant to the instant action.

For the reasons outlined above, it is apparent that the defendants failed to demonstrate entitlement to summary judgment dismissing the complaint. What is more, it is clear from the papers submitted by the plaintiff in opposition to the defendants' motion that there is no triable issue of fact which would preclude the granting of summary judgment in favor of the plaintiff (see, CPLR 3212 [b]). We therefore conclude that the matter should be remitted to the Supreme Court, Suffolk County, for the settlement of a judgment in the plaintiff's favor granting a permanent injunction prohibiting the defendant from operating an airport. To the extent that the com-

plaint demands other forms of relief, it is severed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The remaining issues raised on appeal need not be addressed in light of this disposition. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.