■ In the Matter of SAMUEL VERGATA et al., Respondents, v TOWN BOARD OF THE TOWN OF OYSTER BAY, Appellant. [618 NYS2d 832] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated February 2, 1993, which, after a hearing, denied the petitioners' application for a special use permit to operate a car wash, the appeal is from a judgment of the Supreme Court, Nassau County (Roberto, Jr., J.), entered August 2, 1993, which annulled the determination and di-

rected the Town Board of the Town of Oyster Bay to issue to the petitioners a special use permit subject to approvals for any necessary variances and certificates of water availability.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

An applicant for a special use permit must establish that the proposed use complies in all other respects with the zoning ordinance *(see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802; *Multi-State Developers v Incorporated Vil. of Great Neck,* 149 AD2d 414; *Matter of CBS Realty v Noto,* 139 AD2d 645). Moreover, the Town Board is without authority to waive or modify any other conditions specified in the zoning ordinance, e.g., plot size, off-street parking, etc. *(see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 267; *Multi-State Developers v Incorporated Vil. of Great Neck, supra,* 149 AD2d, at 415; *Matter of CBS Realty v Noto, supra,* 139 AD2d, at 645). Therefore, the Town Board properly denied the petitioners' application for a special use permit since it is undisputed that the proposed use violated the applicable zoning ordinance. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.