■ In the Matter of CAROLLA DOST et al., Appellants, v MARIA CHAMBERLAIN-HELLMAN, Respondent. [653 NYS2d 672] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Grand View-on-Hudson, dated November 22, 1994, which, after a hearing, denied the petitioners' application for a special use permit, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Rudolph, J.), dated January 10, 1995, which confirmed the determination and dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

An applicant for a special use permit must establish that the proposed use complies in all other respects with the zoning ordinance *(see, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801; *Matter of Vergata v Town Bd.,* 209 AD2d 527; *Matter of CBS Realty v Noto,* 139 AD2d 645). The respondent Zoning Board of Appeals of the Village of Grand View-on-Hudson (hereinafter the Board) does not have authority to waive or modify any conditions set forth in the ordinance, e.g., maximum square footage for home occupation, hours of operation, etc. *(see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260). Failure to meet any one of the conditions set forth in the ordinance warrants a denial of the special permit application *(see, Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000; *Matter of Calabro v Town of Oyster Bay Zoning Bd. of Appeals,* 198 AD2d 274). The record here reveals that the petitioners' plans for their proposed use of the premises violated provisions of the applicable zoning ordinances. Therefore, the Board properly denied the petitioners' application for a special use permit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.