◼ In the Matter of JOHN F. NAVARETTA, Appellant, v TOWN OF OYSTER BAY et al., Respondents. [898 NYS2d 237]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay Zoning Board of Appeals dated November 16, 2006, which, after a hearing, denied the petitioner's application, in effect, for a special use permit.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents.

Initially, we note that the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769 [2005]; *Matter of Milt-Nik Land Corp. v City of Yonkers*, 24 AD3d 446, 447-448 [2005]). Accordingly, the determination is not subject to substantial evidence review. Rather, the question before us is "whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (*Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957, 957 [2008]; *see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 770). Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (*see Matter of FNR Home Constr. Corp. v Downs*, 57 AD3d 540, 541 [2008]; *Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 707 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773).

In 2002 the petitioner, an attorney, filed an application with the Town of Oyster Bay Department of Planning and Development (hereinafter the DPD), seeking a permit pursuant to the Code of the Town of Oyster Bay (hereinafter the Town Code) § 246-5.5.14 to continue operating his law practice on property zoned for residential use. The ordinance cited by the petitioner in his application provides that "[o]peration of a home business shall require special permit approval from the Zoning Board of Appeals and shall be approved only if the applicant demonstrates compliance with all of the . . . standards" which are listed thereunder in the ordinance (Town Code § 246-5.5.14.3). Accordingly, the DPD denied the petitioner's application and directed him to seek approval from the Town of Oyster Bay Zoning Board of Appeals (hereinafter the ZBA). In 2006 the petitioner submitted an application to the ZBA seeking "a permit for a residential office." After a public hearing, the ZBA denied the petitioner's application, in effect, for a special use permit on the ground that his home business failed to comply with six of the conditions required by the ordinance for the operation of a home business (*see* Town Code § 246-5, ¶¶ 5.5.14.3.2, 5.5.14.3.4, 5.5.14.3.6, 5.5.14.3.8, 5.5.14.3.9, 5.5.14.3.11).

Contrary to the petitioner's contention, the ZBA is not authorized to analyze his application for a special use permit pursuant to the criteria relevant to use variances (*cf.* Town Law § 267-b [2] [b]). "A variance is an authority to a property owner to use property in a manner forbidden by the ordinance while a special exception allows the property owner to put his property to a use expressly permitted by the ordinance. The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood . . . [T]he use is contemplated by the ordinance subject only to 'conditions' attached to its use to minimize its impact on the surrounding area" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243-244 [1972]; *see Matter of Pleasant Val. Home Constr. v Van Wagner*, 41 NY2d 1028, 1029 [1977]; *Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon*, 250 AD2d 690, 693 [1998]). Since the local legislative body has found the special use to be appropriate for the zoning district, a special use permit is generally granted if the applicant satisfies all of the conditions in the ordinance (*see Matter of Juda Constr., Ltd. v Spencer*, 21 AD3d 898, 900 [2005]; *Matter of Twin County Recycling Corp. v Yevoli*, 224 AD2d 628, 628-629 [1996], *affd* 90 NY2d 1000 [1997]; *Matter of J.P.M. Props. v Town of Oyster Bay*, 204 AD2d 722, 723 [1994]). "Failure to meet any one of the conditions set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application" (*Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001-1002 [1988]; *see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801, 802 [1977]; *Matter of Sullivan v Town Bd. of Town of Riverhead*, 102 AD2d 113, 115 [1984]), and a zoning board "does not have authority to waive or modify any conditions set forth in the ordinance" (*Matter of Dost v Chamberlain-Hellman*, 236 AD2d 471, 472 [1997]; *see Matter of Vergata v Town Bd. of Town of Oyster Bay*, 209 AD2d 527, 528 [1994]).

Here, the record supports the ZBA's findings that the petitioner's home business failed to comply with several conditions in the special use ordinance, in that his proposed use exceeded the maximum square footage allowed, retained the services of more than one nonresident employee, failed to provide sufficient off-street parking, displayed a sign which exceeded the maximum size allowed, failed to maintain the character of the dwelling as a residence, and created hazardous or detrimental conditions, including glare from lighting (*see* Town Code § 246-5, ¶¶ 5.5.14.3.2, 5.5.14.3.4, 5.5.14.3.6,

5.5.14.3.8, 5.5.14.3.9, 5.5.14.3.11). Thus, the ZBA's determination had a rational basis and was neither arbitrary and capricious nor contrary to law (*see Matter of Weber v Baranello*, 63 AD3d 955 [2009]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d at 958; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 770).

Additionally, the respondent Town of Oyster Bay, which did not render the determination denying the special use permit, is not a proper party to this proceeding (*see Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843 [2008]), and the proceeding must, thus, be dismissed insofar as asserted against it.

The petitioner's remaining contentions are without merit. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.