■ In the Matter of TOWN OF HEMPSTEAD, Appellant, v BOARD OF APPEALS OF TOWN OF HEMPSTEAD et al., Respondents. [962 NYS2d 636]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated November 30, 2005, which, after a hearing, granted Scotty's Marina, Inc., a special permit to use a deck above a waterway for the outdoor consumption of food, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered September 23, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Scotty's Marina, Inc. (hereinafter Scotty's), owns property abutting the Reynolds Channel, a navigable waterway owned by the Town of Hempstead. In 2004, Scotty's applied to the Town's Department of Buildings for a permit to "maintain outside dining" on a deck above Reynolds Channel. The Department of Buildings disapproved the application pursuant to the Building Zone Ordinance of the Town of Hempstead (hereinafter the Zone Ordinance), art XXVII, § 272 (C) (10), which provides that

the outdoor consumption of food requires a special permit from the Board of Appeals of the Town of Hempstead (hereinafter the Board). Scotty's appealed to the Board.

At the public hearings before the Board, the application was opposed, among other things, on the ground that the Board did not have jurisdiction to grant a special permit for the proposed outside dining, because the deck was located above a town-owned waterway and the use had not been approved by the Town. In a determination dated November 30, 2005, the Board granted Scotty's application, finding, inter alia, that the mere consumption of food on the deck did not constitute a restaurant use, and that the application by Scotty's met the standard set forth in the applicable Zone Ordinance for the issuance of a special permit.

The Town commenced this proceeding, inter alia, pursuant to CPLR article 78, challenging the Board's determination. The Supreme Court denied the petition and dismissed the proceeding.

On judicial review, a determination of a zoning board should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d 1124 [2012]). Here, the Board's determination was not illegal, had a rational basis, and was not arbitrary and capricious. The evidence in the record supports the conclusion that the proposed use of the deck by Scotty's for outdoor dining was merely incidental to its already existing, permissible marina use (*cf. Matter of Gilchrist v Town of Lake George Planning Bd.*, 255 AD2d 791, 792-793 [1998]). Indeed, a permit authorizing the erection and maintenance of the subject deck was already in place, having previously been issued by the Town's own Department of Conservation and Waterways in 1998. Furthermore, the Board's finding that the proposed use of the deck would not have any meaningfully negative consequences on the surrounding properties and the adjacent neighborhood is supported by the record.

The Board clearly had jurisdiction to grant a special permit for the outdoor consumption of food on the deck based on Town Law § 267 and Zone Ordinance, art XXVII, § 267 (D) (2). As the Supreme Court correctly reasoned, the Board's determination constituted a permissible exercise of its jurisdictional authority, i.e., its authority to grant special permits and exceptions for, inter alia, outdoor dining (*see* Zone Ordinance, art XXVII, § 272 [C] [10]). Thus, contrary to the Town's contention, the Board did not act in excess of its jurisdiction in rendering the subject

determination (*see* CPLR 7803 [2]; Zone Ordinance, art XXVII, § 272 [C] [10]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.