■ In the Matter of MARK J. NATHAN et al., Appellants, v BOARD OF APPEALS OF TOWN OF HEMPSTEAD et al., Respondents. [5 NYS3d 127]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Board of Appeals of the Town of Hempstead, both dated August 24, 2012, as supplemented by findings of fact dated October 17, 2012, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McCormack, J.), entered May 23, 2014, as, in effect, denied that branch of the petition which was to review the determination of the Board of Appeals of the Town of Hempstead denying the petitioners' application for a special exception permit, and dismissed that portion of the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Judicial review of a zoning board's decision is limited to determining whether the board's determination was "illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals*, 95 AD3d 1118, 1119 [2012]; *see Matter of Town of Hempstead v Board of Appeals of Town of Hempstead*, 105 AD3d 751, 752 [2013]).

A "special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]). The burden on an owner in seeking a special exception permit is, therefore, "considerably less" than the burden on an owner seeking a use variance (*Matter of Ouderkirk v Board of Appeals of Town of Bethlehem*, 58 AD2d 667, 667 [1977]; *see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]). An applicant for a special exception permit need only show that it has complied with every legislatively imposed condition on the permitted use (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 195; *Matter of Roginski v Rose*, 97 AD2d 417, 417 [1983], *affd* 63 NY2d 735

[1984]). If the applicant fails to comply with any of the conditions set forth in the ordinance, the zoning authority may deny the application (*see Matter of Wegmans Enters. v Lansing*, 72 NY2d 1000, 1001-1002 [1988]).

Here, the petitioners do not dispute that the property they wish to use for a three-family residence does not meet the applicable lot-size requirements (*see* Town of Hempstead Building Zone Ordinance §§ 96 [B]; 206). Accordingly, the Supreme Court properly denied that branch of the petition which was to review the determination of the Board of Appeals of the Town of Hempstead denying the petitioners' application for a special exception permit under Town of Hempstead Building Zone Ordinance § 267 (D) (2) (a) and (b) (*see Town of Brookhaven v Spadaro*, 204 AD2d 533, 535 [1994]; *Wisoff v Amelkin*, 123 AD2d 623, 624 [1986]; *cf. Falkenbury v Schultz*, 44 AD2d 827, 827 [1974]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.